# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5777 | **DATE** | 4/3/2012 |
| **CASE TITLE** | Othman, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiffs' motion for discovery [26] is denied without prejudice. Further discovery is not warranted until the Court determines whether Plaintiffs have stated plausible claims for relief. Plaintiffs' responses to Defendants' motions to dismiss [21 & 24] are due April 24, 2012, and Defendants' replies are due May 8, 2012.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff Ruba Othman, as special administrator of the Estate of Ramiz Othman, and Plaintiff Susan Anderson, individually and as next friend of Sura Othman, filed a 10-count complaint against Chicago police officer Aaron Carranza, the City of Chicago, and civilian Thomas Beehan. Plaintiffs' federal and state claims arise from the death of Ramiz Othman, who was shot by Officer Carranza after Ramiz Othman entered Officer Carranza's home at approximately 9:00 a.m. on August 20, 2010. On January 6, 2012, the City Defendants filed a motion to dismiss [21] and Defendant Thomas Behan also filed a separate motion to dismiss [24]. On January 17, 2012, Plaintiffs filed a motion for discovery, stating that the City Defendants filed their motion to dismiss "for purposes of delay" and that "discovery is required by Plaintiffs to determine the time and facts of the death of Ramiz Othman." [26 at 2-4.] Plaintiffs further allege that "[a]ll of the Defendants have obstructed every effort of the Plaintiffs to discover the circumstances of the death of Ramiz Othman." [26 at 4.] Defendants' filed their response to Plaintiffs' motion for discovery on February 2. The Court gave Plaintiffs until February 9 to file a reply, but they have not done so.

As an initial matter, Defendants' decision to file a motion to dismiss (rather than an answer) is entirely appropriate. Defendants are entitled to test the sufficiency of the complaint (see *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)) and to ensure, prior to engaging in lengthy and expensive discovery, that the factual allegations in the complaint raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true (see *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n. 14)). Plaintiffs' argument that the Defendants' motions are brought only for the purposes of delay is without merit.

Despite Plaintiffs' arguments to the contrary, Plaintiffs' motion for discovery is premature. Plaintiffs already are in possession of the police reports relating to the incident for which they are suing, which include over 500 pages of Bates-stamped documents provided to Plaintiffs' counsel, including an IPRA log file, discs

**STATEMENT**

containing photos, OEMC audio transmissions, and transcribed interviews regarding what occurred during the shooting of Ramiz Othman. The documents that Plaintiffs already have in their possession include transcripts of the examinations conducted by IPRA investigators on August 20 and 21, 2010. Plaintiffs have the August 20 statement of Defendant Behan to IPRA regarding his knowledge – or lack thereof – of the events that occurred earlier that day. Plaintiffs also have Defendant Carranza's August 21 statements to IPRA regarding his knowledge of the incident. Plaintiffs know the individuals whom they wished to sue (as evidenced by the fact that there are no "unknown" individuals listed in the caption or discussed in the body of the complaint) and have brought ten claims against those Defendants. Moreover, to the extent that Plaintiffs have a good faith basis for questioning what roles the individual defendants played in the incident, pleading in the alternative generally is an acceptable practice. See *Atkins v. City of Chicago*, 631 F.3d 823, 828 (7th Cir. 2011) (noting that "[a]lternative pleading is permissible"); see also *Mizuho Corp. Bank (USA) v. Cory & Associates, Inc.*, 341 F.3d 644, 651 (7th Cir. 2003) ("There is generally nothing wrong with alternative pleading, which is all that this complaint has done.").

Prior to filing suit, a plaintiff is charged with compiling a factual record sufficient to support legal claims and survive a motion to dismiss; a plaintiff who fails to do so risks not only dismissal but sanctions. The relevant version of Rule 11 requires a plaintiff "to conduct a reasonable inquiry before filing a complaint to ensure it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." See *Katz v. Household Intern., Inc.*, 91 F.3d 1036, 1038 (7th Cir. 1996). Defendants have outlined specific arguments in their motions as to (i) why the statute of limitations applies to the state law claims contained in the complaint, (ii) why Plaintiffs' *Monell* claim in Count II is insufficient, (iii) why they believe Susan Anderson must be dismissed as a plaintiff, and (iv) why Count I of Plaintiffs' complaint may not set forth enough facts to state a claim. The Court will accept all facts alleged by Plaintiffs as true, but Plaintiffs still must demonstrate that their claims are sufficient as a matter of law. If anything, Plaintiffs' contention that they cannot respond to Defendants' motions to dismiss—which set forth straightforward, standard arguments in support of dismissal based on the facts alleged in Plaintiffs' complaint—calls into question whether Plaintiffs did their due diligence prior to filing suit. Plaintiffs do not need to have the *evidence* necessary to support their theory (or alternative theories) of the case at this time; they need only *allegations*. That those allegations must be grounded in fact should come as no surprise to Plaintiffs.

The Court concludes that taking depositions prior to resolving the motions to dismiss (as requested by Plaintiffs in their instant motion) would not be "reasonably proportional to the value of the requested information, the needs of the case and the parties' resources." *Tamburo v. Dworkin*, 2010 WL 4867346, at *3 (N.D. Ill. Nov. 17, 2010). Plaintiffs already have at least as much discovery, if not more, than many other plaintiffs in similar lawsuits have possessed at this stage of the litigation. Therefore, the Court denies Plaintiffs' motion for discovery. Plaintiffs' responses to Defendants' motions to dismiss [21 & 24] are due April 24, 2012, and Defendants' replies are due May 8, 2012.