**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUBA OTHMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 11 C 05777 |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions to dismiss [21 & 24] filed by Defendants City of Chicago and Aaron Carranza (collectively "City Defendants") and by Defendant Thomas Behan. For the reasons set forth below, the Court grants in part the City Defendants' motion to dismiss [21], strikes without prejudice Defendant Behan's motion to dismiss [24] (with leave to re-file if Plaintiffs file an amended complaint), and dismisses Plaintiffs' § 1983 and *Monell* claims (Counts I and II) against the City Defendants. The dismissals are without prejudice at this time. Plaintiffs are given 21 days to replead if they believe that they can cure the deficiencies identified below, consistent with counsel's obligations under Federal Rule of Civil Procedure 11. In the event that Plaintiffs cannot cure the deficiencies, the remainder of Plaintiffs' claims—all state law claims—will be dismissed without prejudice with leave to re-file in state court.

**I.     Background**[1]

Plaintiff Ruba Othman, as special administrator of the Estate of Ramiz Othman, and Plaintiff Susan Anderson, individually and as next friend of Sura Othman, filed a 10-count complaint against Chicago police officer Aaron Carranza, the City of Chicago, and civilian Thomas Beehan.  Plaintiffs' federal and state claims arise from the death of Ramiz Othman.  According to Plaintiffs, on August 20, 2010, at approximately 8:30 a.m., Defendants Officer Aaron Carranza and Thomas Behan were at Carranza's house at 5515 S. Normandy Avenue in Chicago.  Around that time, Ramiz Othman entered Officer Carranza's home in an attempted burglary and was shot 14 times by Officer Carranza.  Plaintiffs allege that Ramiz Othman was unarmed at the time he was shot.  He died shortly after the shooting.

Plaintiffs bring two claims under 42 U.S.C. § 1983.  Count I of Plaintiffs' complaint alleges that Officer Carranza "deliberately and recklessly disregarded and violated Ramiz Othman's Fourth and Fourteenth Amendment rights" by causing Ramiz Othman "serious bodily harm, injuries, and death."  Count II alleges a *Monell* claim against the City. Plaintiffs also allege five claims against the City Defendants under Illinois law:  Wrongful Death (Count III), Survival Action (Count IV), Excessive Force (Count V), Battery (Count VI), and Respondeat Superior (Count VII).  Plaintiffs' remaining three state law claims are alleged against civilian Defendant Beehan.

On January 6, 2012, the City Defendants filed a motion to dismiss [21] and Defendant Thomas Behan also filed a separate motion to dismiss [24].  On January 17, 2012, Plaintiffs filed

---

[1] For the purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint.  See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

2

a motion for discovery, stating that the City Defendants filed their motion to dismiss "for purposes of delay" and that "discovery is required by Plaintiffs to determine the time and facts of the death of Ramiz Othman." [26 at 2-4.] On April 3, the Court denied Plaintiffs' motion for discovery and ordered the parties to complete briefing on the motions to dismiss, which they did. The City Defendants contend that Plaintiffs' complaint against them should be dismissed because Plaintiffs have failed to support their claims with facts that plausibly suggest they are entitled to relief, their state law claims against the City Defendants are time barred, and because Plaintiff Susan Othman lacks standing to sue the City Defendants in her individual capacity. Defendant Behan contends that the counts asserted against him must be dismissed because he was not present at the time of the shooting and, even if he were, he did not owe a duty of care to Othman.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice of the way the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed 2d 80 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a

claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## II. Analysis

### A. Plaintiffs' 42 U.S.C. § 1983 Claim and Monell claim (Counts I and II)

To survive a motion to dismiss on a § 1983 violation, Plaintiffs must do more than make a general allegation that their rights were violated by an individual "acting under color of state law." While the Court accepts all well-pled facts in the complaint as true, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Count I of Plaintiffs' complaint claims that Defendant Carranza "deliberately or recklessly disregarded and violated" Othman's Fourth and Fourteenth Amendment rights. Plaintiffs state that Carranza's conduct "was unlawful, unreasonable, reckless, malicious, and exhibited an indifference to the federally secured rights of Ramiz Othman."

At this time, Plaintiffs have not alleged sufficient facts to demonstrate that Defendant Carranza was acting under color of state law. See, *e.g.*, *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515-16 (7th Cir. 2007) ("An action is taken 'under color of state law' if it involves a misuse of power, possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.") (internal citations omitted). The facts alleged to date are that Defendant Carranza was at his home on the morning of August 20, 2010, that Ramiz Othman entered his home, and that Defendant Carranza shot him fourteen times. Plaintiff further alleges upon "information and belief" that Defendant Carranza was on disability

4

leave from the Chicago Police Department at this time. These facts do not support a § 1983 claim, as there are no allegations that Defendant Carranza was on duty (or holding himself out as an officer) at the time he shot Ramiz Othman, who, by all accounts, was attempting to burglarize the home. *Cf. United States v. Christian*, 342 F.3d 744, 751 (7th Cir. 2003) (noting that an off-duty officer may be acting under color of state law if he is in uniform and displaying a badge); *Bonsignore v. City of New York*, 683 F.2d 635, 639 (2d Cir. 1982) (dismissing § 1983 claim where off-duty police offer shot his wife with his service revolver and noting that the officer was off-duty when he shot her and was not acting under color of state law since his actions were performed in carrying out his personal pursuits and not "committed in the performance of any actual or pretended duty.").

In *Latuszkin v. City of Chicago,* the Seventh Circuit held that the district court's dismissal of the plaintiff's § 1983 claims was proper because the complaint failed to allege that the defendant officer—who was driving drunk and struck and killed a civilian—engaged in police activity, displayed any police power, or held himself out to be a police officer. 250 F.3d 502, 506 (7th Cir. 2001). Here, Plaintiffs' alleged constitutional violation is even less plausible. Defendant was in his *own* home early on a Friday morning and Ramiz Othman entered Defendant's home without authorization. Based on the allegations in Plaintiffs' complaint, the Court is hard-pressed to imagine how Defendant could have been engaged in police activity or holding himself out as a police officer at the time that Ramiz Othman was shot. There is nothing in the pleadings to plausibly suggest that "the nature of the specific acts" committed by Carranza were under "color of state law"; that he used "any police power"; or that he was "engaged in police activity" during his alleged unnecessary and unreasonable use of force. Rather, Plaintiffs pled only the conclusory allegation that Defendant was acting under color of state law and

employed as a police officer at the time. Plaintiffs' complaint gives no indication that Defendant Carranza's actions were in some way related to his performance of police duties, a prerequisite to finding that Defendant was acting under color of state law (see *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990)), and Plaintiffs' conclusory assertions that Carranza was acting under color of state law are insufficient to confer federal jurisdiction.

Plaintiffs also allege a *Monell* claim against Defendant City of Chicago. A municipality is not liable under Section 1983 unless the constitutional violations at issue are caused by a municipal policy or custom. See *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 694 (1978). Specifically, to prevail on a § 1983 claim against a city a plaintiff must prove: (1) a violation of his constitutional rights; (2) an injury; and (3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-05 (1997). Because Plaintiffs have failed to allege sufficient facts to show that Defendant Carranza was acting under color of state law, Plaintiffs also have failed to allege a cognizable constitutional injury. See *Houskins v. Shehan*, 549 F.3d 480, 493 (7th Cir. 2008) (where plaintiff fails to establish deprivation of a constitutional right, *Monell* claims must also fail); *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) (a *Monell* claim "requires a finding that the individual officer are liable on the underlying substantive claim."). Plaintiffs' *Monell* claim also fails.

### B. Plaintiff's State Law Claims

Because the Court grants the City Defendants' motion to dismiss as to the two federal claims (Counts I and II) over which it has original jurisdiction, it must now address whether to retain jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). The Seventh

Circuit consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). Finding no justification for departing from that "usual practice" in this case,[2] Plaintiff's state law claims will be dismissed without prejudice if Plaintiffs do not file an amended complaint that sufficiently alleges a federal claim. See *In re Repository Technologies, Inc.*, 601 F.3d 710, 724-25 (7th Cir. 2010); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); *Firth v. Chupp*, 2010 WL 5439759, at *2-3 (N.D. Ind. Dec. 27, 2010) (finding that factors of judicial economy, convenience, fairness, and comity "weigh in favor of remand").

## IV. Conclusion

For these reasons, the Court grants in part the City Defendants' motion to dismiss [21], strikes without prejudice Defendant Behan's motion to dismiss [24] (with leave to re-file if Plaintiffs file an amended complaint), and dismisses Plaintiffs' § 1983 and *Monell* claims against the City Defendants. The dismissals are without prejudice at this time. Plaintiffs are given 21

---

[2]  In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because Illinois law gives Plaintiff one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to re-file those claims in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Dismissal without prejudice also is appropriate here because substantial judicial resources have not been committed to the state law counts of Plaintiff's complaint. *Wright*, 29 F.3d at 1251.

7

days to replead if they believe that they can cure the deficiencies identified below, consistent with the case law as well as counsel's obligations under Federal Rule of Civil Procedure 11(b). Should Plaintiffs choose not to replead or are unable to cure the deficiencies, the remainder of Plaintiffs' claims—all state law claims—will be dismissed without prejudice with leave to re-file in state court.

Dated: June 28, 2012

_____
Robert M. Dow, Jr.
United States District Judge