# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RUBA OTHMAN, as special administrator of the Estate of RAMIZ OTHMAN, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: 11 CV 5777 |
| ) | Judge: Robert M. Dow, Jr. |
| CITY OF CHICAGO, a Municipal Corporation; AARON CARRANZA, in his individual and official capacity; and THOMAS BEHAN, ) ) ) ) ) ) ) ) | Magistrate Judge: Mary M. Rowland Jury Demanded |
| Defendants. ) | |

## MOTION TO VACATE JURY VERDICT FOR SANCTIONS AND FOR A NEW TRIAL

NOW COMES the Plaintiff, Ruba Othman, as special administrator of the Estate of Ramiz Othman, by her attorneys, Bruggeman, Hurst & Associates, P.C., and pursuant to Federal Rule 60(d)(3) of the Federal Rules of Civil Procedure moves this Court to vacate the Jury Verdict and Judgment, award sanctions against the City of Chicago and grant Plaintiff a retrial and in support thereof states as follows:

1. The case of *Othman, et al. v. City of Chicago, et al.* proceeded to a Jury Trial in August 2015 which resulted in a verdict for the Defendants.

2. That the Defendants committed fraud on the Court by failing to disclose that a witness, Dr. Hilary McElligott, the pathologist, was in fact, a paid consultant for the City of Chicago.

3. At the Trial of *Othman v. Chicago,* Dr. Hilary McElligott, who was the pathologist who performed the autopsy on Ramiz Othman, was called by the Plaintiff to provide her opinion that the cause of death of Ramiz Othman was multiple gunshot wounds.

4.      That following her opinion on cause of death, Dr. McElligott gave extremely favorable opinion testimony for the Defendants which was prejudicial to the Plaintiff.

5.      Dr. Hilary McElligott testified at Trial to the following:

   a) Using a foam dummy and trajectory rods gave an opinion as to the location of the Decedent and policeman, Aaron Carranza, when he shot Ramiz Othman 14 times.

   b) That using the trajectory rods, Dr. McElligott corroborated the testimony of Aaron Carranza that Ramiz Othman threatened Carranza with a tire iron poised above his head by stating her opinion that the gunshot trajectories were consistent with Ramiz Othman's arm being raised above his head.

   c) That Dr. McElligott substantiated the testimony of Carranza that the six (6) shorts to the back of Ramiz Othman occurred as he was falling and twisting.

   d) That Dr. McElligott substantiated the testimony of other Chicago policemen that blood spatters on walls indicated Ramiz Othman was between the basement door and bedroom door and ignored blood smear on the other side of the door jam and floor.

6.      That on April 20, 2018 in the Cook County consolidated cases 15 L 12964 and 16 L 00012 involving a police shooting of two individuals, Dr. McElligott was deposed as a paid consultant of the City of Chicago.

7.      That attorney, Barrett Boudreaux, the lead City attorney in the *Othman* case was present at the April 20, 2018 Deposition of Dr. McElligott and as counsel for the City.

8.      That Dr. McElligott, in the presence of attorney Barrett Boudreaux testified as follows:

   a) That she was not the pathologist in the Othman case who performed the autopsy.

   b) That she was a paid consultant for the City of Chicago in the Othman case.

   c) That to be the autopsy pathologist and a retained consultant in the same case would be a conflict of interest.

   d) That she was retained as a paid consultant by Barrett Boudreaux on behalf of the City of Chicago, in case 11 CV 5777 *Othman v. City of Chicago, et al.*

      e) That she met with attorney Barrett Boudreaux to prepare her Trial testimony for the Othman case.

      f) That Barrett Boudreaux supplied the foam dummy and trajectory rods used in the Othman Trial.

9. That on the eve of Trial, the City announced that it would not be using a disclosed paid consultant as a witness at Trial, who had furnished a written report and was deposed by Plaintiffs, namely Mr. Alexander Jason, whose opinions were related to the use of handguns and the sound on a 911 call, and the sound of gunshots he claimed he heard on the recorded 911 call that sounded like static.

10. While announcing that the City was not calling its retained expert who had been disclosed and deposed, Barrett Boudreaux and the City did not disclose the relationship between the City of Chicago and Dr. McElligott, as that of a retained expert or consultant.

11. That for a pathologist to perform the autopsy and be a retained expert/consultant in the same case is legally unethical.

12. Failure to disclose the fact that the pathologist who performed the autopsy on Ramiz Othman was a retained expert, consultant and witness in the same case is a fraud upon the Court.

13. The deposition testimony of Dr. Hilary McElligott in the *Othman* case is attached as Exhibit "A".

14. The Deposition testimony of Dr. Hilary McElligott in the *Legiere* case is attached as Exhibit "B".

WHEREFORE, the Plaintiff requests that the Court vacate the Jury Verdict and Judgment for the Defendants, award Plaintiff damages for the fraud upon the Court and the serious discovery violation by the City and attorney Barrett Boudreaux as punitive damages and to reinstate the case, set the case for Trial and bar the Defendants from calling any witnesses.

BRUGGEMAN, HURST & ASSOCIATES, P.C.

By: /s/ Alan R. Bruggeman
      One of their Attorneys

BRUGGEMAN, HURST & ASSOCIATES, P.C.
Attorney for Plaintiffs
20012 Wolf Rd, Suite 200
Mokena, Illinois 60448
(708) 478-6900